## Commonwealth v. Bryant

*Samuel M. Snipes,* for Commonwealth.
*William J. Carlin,* for defendants.

FULLAM, J., October 18, 1963.—Appellants, Walter Bryant and William McCall, were arrested and fined for violating section 903 of The Vehicle Code, 75 PS §903, overweight vehicle, and each has appealed his conviction to this court. Both appeals were consolidated for hearing, and will be disposed of in this single opinion.

Both appellants were employed by the same firm, and the two vehicles involved were traveling together. Both vehicles were Euclid dump trucks, and both were empty. The arrests occurred at approximately 4:55

p.m. on December 19, 1962, at Snipes Corner on Route 1 in Falls Township, Bucks County. Bryant's vehicle weighed 49,260 pounds, and McCall's vehicle weighed 48,740 pounds. It was conceded by the arresting officers, and assumed by the justice of the peace, that the maximum permitted weight for each vehicle was 40,800 pounds, on the basis of excess-weight permits issued by the Secretary of Highways. The same position is taken by counsel for the township who handled the prosecution in the present appeals; and while, on the record in this court, there is room for doubt as to the efficacy of these excess permits, we shall make the same assumption. On that basis, we find that Bryant's vehicle was 8,460 pounds overweight, and McCall's vehicle was 7,940 pounds overweight.

The principal question presently before the court is whether or not the prosecutions were instituted before the "nearest available magistrate" within the meaning of section 1201(a) of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1201(a). At the time of appellants' arrests, there were two justices of the peace holding office in Falls Township, Squire Fritz and Squire Melvin. It is conceded that the office of Squire Fritz was a mile or more nearer to the scene of the arrests than was the office of Squire Melvin, and, in fact, that in order to reach Squire Melvin's office from the point of arrest, by normal and most direct route of travel, it would be necessary to pass directly in front of the office of Squire Fritz. The basic question, therefore, is whether or not Squire Fritz was "available" under the circumstances.

The evidence on behalf of the Commonwealth was to the effect that, after the vehicles were weighed, appellants and their vehicles were taken to the Falls Township police headquarters. A telephone call was made to the office, which is also the home, of Squire Fritz, and the police were advised that Squire Fritz was "in Allen-

town". Thereupon, a telephone call was made to Squire Melvin's office, pursuant to which appellants were taken to that office, where the present prosecutions were instituted. Squire Fritz testified that, on the date in question, he and his wife left his home at about 4:30 p.m., intending to eat dinner at a restaurant in Dublin, Pa., approximately 20 miles or more from his office, and intending thereafter to go to Bethlehem, Pa., for the evening; that after dining as planned, they changed their minds and visited relatives instead; that they returned home some time between 9:30 and 10 o'clock that evening; and that he was not present in Falls Township from 4:30 p.m. until his return home, and had not left word at police headquarters as to where he could be reached. He admitted that, when initially contacted by counsel for appellants a few days after his arrest, he was under the impression that he had been at home on the date in question and so advised counsel, but stated that his recollection had been refreshed by subsequent conversations with his wife.

The Vehicle Code sets up three distinct modes of procedure for the prosecution of summary offenses: (1) By on-the-spot notice to appear (summons) followed by the lodging of an information, as provided in section 1201(c); (2) by lodging an information, and subsequent mailing of the summons by the magistrate, as provided in section 1202(a); and (3) by arrest on view, as provided in sections 1202(c) and 1202(d).

Section 903 of The Vehicle Code, the violation of which is charged in the present case, expressly authorizes arrests on view in such cases. The applicable portions of section 1202, 75 PS §1202 provide:

"(c) Whenever an arrest is made upon view, under any of the provisions of and as limited by this act, the officer making the arrest shall *forthwith* make and file, with the magistrate before whom the arrested person

is taken, an information setting forth in detail the offense, and *at once* furnish a copy thereof to the person arrested.

"(d) Any person so arrested shall be given the opportunity of having an *immediate* hearing, or of giving bail, as provided in this act, for a hearing *before the magistrate,* to be held at a date not more than ten (10) days from the date of such arrest, or of waiving a hearing and giving bail for his appearance in court." (Italics supplied.)

Where the proceeding is instituted by arrest on view, failure to lodge the information "forthwith" and to furnish defendant with a copy of the information "at once" can be fatal to the proceedings. See Commonwealth v. Feyka, 62 D. & C. 353, 359 (1947). It follows, therefore, that the question of the availability of the nearest magistrate relates to a much shorter period of time in cases of arrest on view than in cases where the more leisurely procedures of section 1201(c) or 1202(a) are involved. Unless Squire Fritz was available after appellants' arrest during some portion of the period of time measured by the term "forthwith" in section 1202(c), he could scarcely be said to have been available for purposes of the present case.

It seems perfectly clear that, having arrested appellants at about 4:55 p.m., if the police officers had waited until 9:30 or 10 p.m. that evening before taking appellants to the magistrate, they would not have fulfilled the "forthwith" requirements of the statute. Moreover, the police had no way of knowing that Squire Fritz would be available at 9:30 or 10 p.m., or at any time that evening.

We recognize that the police officers were not required to arrest on view, but they had a right to do so. Whether, having done so, they could have changed their minds upon learning of Squire Fritz's temporary unavailability, and thereafter proceeded under section

1202 (a), we need not now consider. But, in view of the substantial fines involved, and in view of the fact that the only practicable way of assuring payment of such fines is by impounding the vehicles after the fines and costs have been imposed, or by obtaining adequate bail on appeal therefrom, to proceed by summons in overweight vehicle cases would obviously be a most unsatisfactory substitute.

Under all of the circumstances, we are satisfied that Squire Fritz was not "available" within the meaning of section 1201 (a), and that this prosecution was properly instituted before Squire Melvin. We are also satisfied that the guilt of both appellants has been established beyond any reasonable doubt.

### Order

And now, October 18, 1963, for the reasons set forth in the foregoing opinion, each of defendant-appellants is found guilty as charged; defendant Walter Bryant is directed to pay the costs of prosecution and a fine for the use of the Township of Falls in the sum of $800; and defendant William McCall is directed to pay the costs of prosecution and a fine for the use of the Township of Falls in the sum of $750. Both defendants are directed to appear in court room no. 3 at 10 a.m. on Friday, November 1, 1963, for the formal imposition of the foregoing sentences, but neither defendant will be required to appear if his sentence has been complied with on or before that date.